UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JUNIOR XAVIER GUEDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-00110-SDN |
| DERRICK STAMPER, | ) | |
| *Chief Patrol Agent,* | ) | |
| *Houlton Sector, U.S. Border Patrol,* | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER TO SHOW CAUSE</u>

On March 3, 2026, Petitioner Junior Xavier Guedez filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 3.

According to the verified petition, Mr. Guedez is a Venezuelan national who entered the U.S. uninspected on July 5, 2023, fleeing political persecution from the opposition party in the Venezuelan government. ECF No. 1 at 1–2. He was detained by immigration officials shortly after his entrance into the country, at which point he expressed his fear of return to Venezuela and was granted a credible fear interview with an asylum officer. *Id*. at 2. The officer determined he had a credible fear of persecution, placed him into asylum proceedings, and released him from detention. *Id*. On his counsel's information and belief, Petitioner was not paroled into the country. *Id*. at 3. Mr. Guedez has a hearing in front of an immigration judge scheduled for May 21, 2026. *Id*. at 2. Mr. Guedez resides in Maine and is employed by Backyard Farms, an agricultural operation growing tomatoes and other vegetables in greenhouses. *Id*.

On or about February 26, 2026, U.S. Customs and Border Protection ("CBP") stopped a van that was transporting Mr. Guedez and his coworkers to Backyard Farms. *Id.* at 3. CBP conducted a warrantless arrest of Petitioner, and he currently is in the custody of CBP in Fort Fairfield, Maine.[1] *Id.* Petitioner has experienced severely substandard conditions at the detention facility: he shares a room with six other individuals with one toilet, has only received two showers, and does not receive enough food to eat. ECF No. 1-1 at 2. Mr. Guedez also has a ruptured and potentially infected ear for which he has not received antibiotics or adequate medical care. *Id.*

Petitioner seeks, among other remedies, a writ of habeas corpus ordering his immediate release or a bond hearing and a declarative order that his detention is unlawful because he is not subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 1 at 16–17. His TRO also seeks an emergency restraining order prohibiting his transfer out of the District of Maine during the pendency of the habeas proceedings. ECF No. 3 at 5.

Upon receipt of the petition, the Court issued its Emergency Order Concerning Stay of Transfer or Removal prohibiting removal of the Petitioner from the United States of America or transfer outside of the District of Maine for at least 72 hours. ECF No. 4. To ensure I can assess the merits of the petition, Respondents are indefinitely **ENJOINED** from removing Petitioner from the jurisdiction of the United States or transferring Petitioner to a judicial district outside that of Maine pending further order of the Court. Respondents are **ORDERED TO SHOW CAUSE** as to the basis for Petitioner's detention before 3 p.m. on March 4, 2026. *See* 28 U.S.C. § 2243. Respondents

---

[1] Because Petitioner currently is detained in Maine, I find this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

are directed to substantively respond as to any provisions of law or fact in this case which would distinguish it from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and other similar cases previously decided by this Court, or indicate the matter is not substantively distinguishable.

SO ORDERED.

Dated this 3rd day of March, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE